1  RIZIO & NELSON
   GREG RIZIO (State Bar No. 157008)
2    grizio@rizioandnelson.com
   ERIC RYANEN (State Bar No. 146559)
3    eryanen@rizioandnelson.com
   1801 H Parkcourt Place
4  Santa Ana, CA 92701
   Telephone:   (714) 505-2468
5  Facsimile:   (714) 547-1245

6  Special Litigation Counsel for GACN, Inc.
   dba Cables Restaurant
7
   MICHAEL L. COHEN (State Bar No. 206253)
8    cohen@cohenmckeon.com
   HEATHER M. McKEON (State Bar No. 186414)
9    mckeon@cohenmckeon.com
   COHEN McKEON LLP
10 1910 W. Sunset Boulevard
   Suite 440
11 Los Angeles, CA 90026
   Telephone:   (213) 413-6400
12 Facsimile:   (213) 403-6405

13 Special Litigation Counsel for GACN, Inc.
   dba Cables Restaurant
14
   SIMON ARON (State Bar No. 108183)
15   saron@wrslawyers.com
   JOHNNY WHITE (State Bar No. 269306)
16   jwhite@wrslawyers.com
   WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
17 11400 West Olympic Boulevard, 9th Floor
   Los Angeles, California 90064-1582
18 Telephone:   (310) 478-4100
   Facsimile:   (310) 479-1422
19
   General Insolvency Counsel for GACN, Inc.
20 dba Cables Restaurant

21

22                    UNITED STATES BANKRUPTCY COURT

23                     CENTRAL DISTRICT OF CALIFORNIA

24                       SAN FERNANDO VALLEY DIVISION

25 | In re                                      | Case No. 1:14-bk-13695-VK
26 | GACN, Inc. dba Cables Restaurant, a        | Chapter 11
   | California corporation,                    |
27 |                                            | Adv No.
   |            Debtor.                         |
28

|  |  |
|---|---|
| GACN, INC. dba CABLES RESTAURANT, a California corporation,<br><br>GACN,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, SYNDICATES 2623/623<br><br>Underwriters | **COMPLAINT FOR DECLARATORY RELIEF** |

GACN, Inc., a California corporation doing business as "Cables Restaurant" ("GACN"), by and through its undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

1. This case was commenced on August 14, 2014, by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (11 U.S.C. §§101 et. seq.) (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334, and 2201 (the Declaratory Judgment Act). This matter is a core proceeding pursuant to, *inter alia*, 28 U.S.C. §§ 157(b)(2)(A), (M), and (O). GACN hereby consents to the entry of final orders and judgment in this adversary proceeding by this Court. It is appropriate for the Court to exercise its jurisdiction under 28 U.S.C. § 1334(b) because its ability to effectively administer GACN's bankruptcy will be substantially undermined if it fails to.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this proceeding arises in and/or is related to a case under Title 11 of the United States Code which is pending in this District.

## PARTIES

4. The plaintiff, GACN, is a California corporation in good standing, with its principal place of business located at 20929 Ventura Boulevard, Woodland Hills, CA

91364.

5. Certain Underwriters at Lloyd's, Syndicates 2623/623 ("Underwriters") is an unincorporated association consisting of two syndicates, Syndicate 2623 and Syndicate 623, of underwriters doing business in the international insurance marketplace known as Lloyd's of London. These syndicates underwrite in parallel with one another under the management of the Beazley Group.

## FACTUAL ALLEGATIONS

### A.   The Insurance Policy Issued to GACN by Underwriters

6. Between March, 2010, to March, 2011, GACN held an Employment Practices Liability Insurance Policy, policy number EPL1074588A10 (the "Policy"), issued by Underwriters. A copy of the Policy is attached as Exhibit "A" and incorporated herein by reference.

7. Insured events under the Policy included the filing of a lawsuit by a former employee for wrongful termination.  The limit of the Policy was $1,000,000.00.  This policy limit was a "burning" limit – meaning that defense costs (e.g., attorney fees) counted against the limit and over time reduced the available coverage.

### B.   Four Former GACN Employees Sue GACN for Wrongful Termination

8. On September 23, 2011, four former GACN employees, Martha Aboulafia, Cheryl Colgin, Regina Greene, and Patricia Monica (hereinafter, the "Judgment Creditors") filed a lawsuit against GACN in Los Angeles County Superior Court. The case was captioned (*Aboulafia v. GACN, Inc.*, Case No. BC 469940. It alleged that they had been wrongfully terminated.

9. After the Judgment Creditors' lawsuit was filed, GACN timely tendered a claim under the Policy for the claims asserted by Judgment Creditors, and requested that Underwriters provided GACN with a defense.

10. Underwriters initially denied GACN's claim but later reconsidered, accepted coverage and agreed to provide a defense to GACN under a reservation of rights. Underwriters appointed Lewis Brisbois Bisgaard & Smith and attorney Eric J. Erickson of

that firm (collectively, "Lewis Brisbois"), to defend GACN.

11. On March 27, 2014, the trial court entered a judgment against GACN and in favor of Judgment Creditors. The judgment awarded Judgment Creditors $1,680,720.50 in compensatory damages and $4,000,000.00 in punitive damages.

12. On May 7, 2014, GACN filed a notice of appeal with the California Court of Appeal against the judgment entered against the Judgment Creditors.

13. The Judgment Creditors thereafter filed various post-trial motions in an effort to maximize and collect their judgment, including a motion for an award of costs and attorneys' fees, and a motion to amend the judgment to add GACN's President and CFO, George Metsos, as well as Corky's Restaurants, Inc. and Metsos Restaurants, Inc. – two other entities in which George Metsos has an interest – as additional judgment debtors.

**C.** **Underwriters Seek to Abandon GACN By Interpleading the Remaining Funds, But the Action is Dismissed for Lack of Jurisdiction**

14. On April 30, 2014, Underwriters filed an interpleader action in the United States District Court for the Central District of California, Case No. 2:12-cv-02979, alleging that as a result of the policy limits having been eroded by defense costs and fees, there remained only $290,000.00 available in policy limits under the Policy. Underwriters sought an adjudication of the various claims made against the remaining policy limits, including the claims of the Judgment Creditors and Lewis Brisbois for unpaid fees and costs.

15. On April 6, 2015, the District Court dismissed the interpleader action for lack of subject matter jurisdiction. To date, Underwriters have not re-filed that interpleader action in a court of competent jurisdiction.

**D.** **To Protect Itself from Judgment Enforcement, GACN Files Bankruptcy and Negotiates a Conditional Settlement with Judgment Creditors**

16. On August 5, 2014, faced with the prospect of extreme disruption from the judgment in favor of Judgment Creditors, GACN commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

1  17.  After the commencement of this Chapter 11 proceeding, settlement discussions between GACN and Judgment Creditors led to a conditional settlement agreement of the Judgment Creditors' claims and judgment. A true and correct copy of this conditional agreement is attached as Exhibit "B" hereto, and incorporated herein by reference.

18.  The settlement agreement is expressly conditioned upon the approval of Underwriters, or a court order declaring that Underwriters approval is not required. (Ex. B, para. 3.) GACN and its Judgment Creditors caused these provisions to be made part of the settlement agreement based on certain language in the Policy, which provides as follows:

> Prior Consent. No insured will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expenses *without our consent*. Subsequent payments which are deemed by us as having been prejudiced by any such voluntary payment will also be the sole responsibility of the insured. (Exhibit A, Section X B, "Conditions.")

### E. GACN Repeatedly Asks Underwriters Whether They Consent to the Proposed Settlement, and Underwriters Repeatedly Refuse to Answer

19.  Three times – on April 24, 2015, May 18, 2015, and July 9, 2015 – GACN's counsel explained to Underwriters in writing why the proposed settlement was in GACN's best interests and requested that Underwriters consent to it. Three times Underwriters responded with long, self-serving letters. Not once did Underwriters state, clearly and unequivocally, whether it would consent to the proposed settlement or not.

20.  In its correspondence with Underwriters, GACN's counsel invited Underwriters to suggest any changes Underwriters would need to make to the proposed settlement in order for it to be agreeable to Underwriters, but Underwriters declined to suggest any changes. Instead, Underwriters kept insisting that GACN had violated the Policy's consent clause despite the fact that the proposed settlement was expressly conditioned on Underwriters' approval and despite the fact that GACN had requested Underwriters' approval three times, in writing.

# COUNT 1

### (Declaratory Judgment, 28 U.S.C. § 2201)

21. GACN incorporates herein by reference the allegations set forth above in paragraphs 1 through 20, as though fully set forth herein.

22. There now exists an actual controversy with respect to the rights and obligations of the parties under the Policy. Specifically, the Policy provides Underwriters with certain rights and obligations concerning its prior consent to any proposed settlement, the nature and extent of which are in controversy. GACN has requested Underwriters' consent to proceed with the proposed settlement with GACN's Judgment Creditors, as doing so is in GACN's best interests and will prevent further avoidable damages to GACN. But Underwriters have unreasonably and in bad faith failed and refused to provide such consent. By its actions and inactions, Underwriters contends that proceeding with the settlement will adversely affect GACN's rights under the Policy. GACN contends that proceeding with the settlement should not result in any adverse effect on the Policy or GACN's rights under the Policy, and that Underwriters in good faith should consent to the proposed settlement.

23. GACN therefore seeks a declaration of the respective rights and obligations of the parties under the Policy with respect to the proposed settlement, including, but not limited to, a declaration that GACN has complied with all provisions of the Policy necessary with respect to prior consent and approval of the proposed settlement, that Underwriters have unreasonably and in bad faith withheld such consent, and that GACN may move forward with the settlement consistent with its rights and obligations under the Policy and without any adverse effect on the Policy or GACN's rights under the Policy under the law.

/ / /

/ / /

/ / /

/ / /

1     WHEREFORE, GACN seeks an order of this Court declaring the respective rights

2 and obligations of the parties under the Policy with respect to the proposed settlement,

3 with respect to Underwriters' conduct under the Policy, and for such additional relief as

4 this Court deems proper.

6 DATED: August 19, 2015     WOLF, RIFKIN, SHAPIRO,
    SCHULMAN & RABKIN, LLP

By:    / s / Johnny White
    SIMON ARON
    JOHNNY WHITE
Attorneys for GACN, Inc. dba Cables Restaurant,
Chapter 11 Debtor and Debtor in Possession

2032682.1

-7-